# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:1:15-cv-753

MARIA LUNA and JUAN GUILLERMO LUNA BARRAZA,

    Plaintiff,

v.

FAMILY AUTO SALES INCORPORATED,

    Defendant.

---

## COMPLAINT

---

    Plaintiffs, Maria Luna, an individual ("**Plaintiff Luna**"), and Juan Guillermo Luna Barraza (**"Plaintiff Barraza"** collectively the **"Plaintiffs"**) by and through their undersigned counsel Vedra Wali LLC, file this Complaint under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and 12 C.F.R. 226 *et seq.* ("**TILA"**), the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq*. ("**CCPA**"), and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*. and 12 C.F.R. 202 *et seq.* (**"ECOA"**) against Defendant Family Auto Sales Incorporated, a Colorado corporation ("**Defendant**"), and state as follows.

### INTRODUCTION

    1.    This is a case about two consumers and a used car dealership. The consumers applied for credit online to purchase a used car. The used car dealership told the consumers they were pre-approved. The used car dealership sold the consumers a used car. The consumers made a down payment, signed purchase documents, and drove the used car off the lot. The consumers believed the sale was final. A few weeks later, the used car dealership

contacted the consumers and told them that their credit had been denied. The consumers were coerced into returning the used car at their own expense. The used car dealership did not reimburse the consumers for the costs in returning the used car.

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1640(e), and 15 U.S.C. § 1691.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant transacts business in this District and the conduct complained of occurred in this District.

5. Plaintiffs are individuals, and reside in Routt County, Colorado.

6. Plaintiffs are both individually an "Applicant" as that term is defined in 15 U.S.C. § 1691a(b) and 12 C.F.R. § 202.2(e).

7. Plaintiffs are both individually a "Consumer" as that term is used in 15 U.S.C. § 1602(i) and 12 C.F.R. § 226.2(11).

8. Defendant is a Colorado corporation.

9. Defendant is a "creditor" as that term is defined in 15 U.S.C. § 1602(g) and 12 C.F.R. § 226.2(17).

10. Defendant is "creditor" as that term is defined in 15 U.S.C. § 1691a(e) and 12 C.F.R. § 202.2(I).

11. Defendant is a "person" as that term is defined in Colo. Rev. Stat. § 6-1-102(6).

12. Defendant lists its principal office street address with the Colorado Secretary of State as 2400 S. Broadway, Denver, Colorado 80210.

13. Defendant does business using the trade name "Family Trucks and Vans".

14. The Defendant is engaged in the selling and financing of used cars to consumers in Colorado.

15. Defendant is a licensed automobile "dealer" under the laws of Colorado.

16. The acts and omissions contained herein occurred in the course of Defendant's business.

17. The acts and omissions of the Defendant contained herein significantly impact the public as actual or potential consumers of the Defendant's goods, services, and property.

18. Plaintiffs are actual consumers of Defendant's goods and services.

19. Defendant is not an infant, incompetent person, officer or agent of the State of Colorado.

**FACTS**

20. On or about November 19, 2014, Plaintiff Luna called the Defendant to inquire about purchasing a used car.

21. Defendant directed Plaintiffs to apply for credit on the Defendant's website.

22. Defendant's website is located at the following URL: www.familytrucksandvans.com (the **"Website"**).

23. Plaintiffs applied for credit by clicking a link on the Website.

24. Plaintiffs filled out two separate applications for credit (the **"Applications"**).

25. The Applications are each an "Application" as that term is defined in 12 C.F.R. § 202.2(f).

26. After Plaintiffs filled out the Applications they received a call from the Defendant.

27. Defendant told the Plaintiffs they were pre-approved for credit.

28. On November 22, 2014, Plaintiffs went to the Defendant's dealership.

29. Plaintiffs became interested in purchasing a 2006 Jeep Commander from the Defendant (the **"Used Car"**).

30. The Defendant used a form titled "Retail Installment Sales Contract" to document the sale (the **"Contract"**).

31. The Contract is a boiler-plate document routinely used by the Defendant in the sale of used cars to consumers.

32. The Defendant entered information regarding the sale of the Used Car to the Plaintiff on to the Contract.

33. The Contract lists the following TILA disclosures ( the **"Disclosures"**):

    A. the Defendant is the "Seller/Creditor";

    B. the Plaintiffs are the "Buyer";

    C. the Annual Percentage Rate is 20.99 percent;

    D. the Finance Charge is $4,632.43;

    E. the Amount Financed is $11,819.17;

    F. the Total of Payments is $16,251.60;

    G. the Total Sales Price is $21,251.60;

    H. the monthly Payments are 40; and

    I. the amount of Payments are $406.29 each.

34. On or about November 22, 2014, both Plaintiffs and the Defendant signed the Contract.

35. The Contract is a "Consumer Credit Transaction" as that term is defined in Colorado Revised Statute § 5-1-301(12).

36. Defendant also required the Plaintiffs to sign the Applications.

37. Defendant required Plaintiffs to make a down payment.

38. On November 22, 2014, Plaintiffs paid the Down Payment (the **"Down Payment"**).

39. Plaintiffs paid $5,000 to the Defendant for the Down Payment.

40. Plaintiffs purchased the Used Car for personal, family, or household purposes.

41. On November 22, 2014, Plaintiffs drove the Used Car home.

42. Plaintiffs reasonably and in good faith believed financing for the purchase of the Used Car had been approved.

43. Two weeks after Plaintiffs purchased the Used Car Defendant called Plaintiffs and told them their credit had not been approved.

44. Defendant asked for Plaintiff Barraza's social security number.

45. Two days later, Defendant again called Plaintiffs.

46. Defendant told Plaintiffs they would need to sign a new contract (the **"New Contract"**).

47. According to Defendant, under the terms of the New Contract Plaintiffs would need to pay an additional $1,500 to the Defendant.

48. Additionally, under the New Contract Plaintiff's would need to make eight additional monthly payments of $406.29.

49. Plaintiffs rejected the New Contract.

50. Defendant demanded Plaintiffs return the Used Car.

51. Plaintiffs returned the Used Car.

## FIRST CLAIM FOR RELIEF
(Truth In Lending Act – 15 U.S.C. § 1601 *et seq.* & 12 C.F.R. 226 *et seq.*)

52. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

53. 12 C.F.R. § 226.17(b) requires that a creditor disclose the terms of the transaction to a consumer before consummation of the transaction.

54. The Defendant violated 12 C.F.R. § 226.17(b) by not properly disclosing the terms of the transaction before consummation of the transaction.

55. 12 C.F.R. § 226.17(b) requires that a creditor state that a disclosure is an estimate if any information necessary for an accurate disclosure is unknown to the creditor.

56. The Defendant violated 12 C.F.R. § 226.17(b) by failing to label the Disclosures in the Contract as an estimate.

57. Plaintiffs request that this Court award them statutory damages pursuant to 15 U.S.C. § 1640.

58. Plaintiffs further request their reasonable attorney fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF
### (Colorado Consumer Protection Act – Colo. Rev. Stat. § 6-1-101 *et seq.*)

59. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

60. Colo. Rev. Stat. § 6-1-708(1)(a)(I) prohibits a person from guaranteeing to a purchaser of a used motor vehicle who conditions such purchase or lease on the approval of a consumer credit transaction, that such purchaser or lessee has been approved for a consumer credit transaction if such approval is not final.

61. The Defendant violated Colo. Rev. Stat. § 6-1-708(1)(a)(I) by guaranteeing to the Plaintiffs that they had been approved for a consumer credit transaction when such approval was not final.

62. Defendant's violations of the CCPA were committed in bad faith.

63. Plaintiffs have suffered damages as a result of Defendant's violations of the CCPA.

64. Plaintiffs request that this Court award them the following damages pursuant to Colo. Rev. Stat. § 6-1-113(2)(a). The greater of:

    A.    the amount of actual damages sustained; or

    B.    five hundred dollars; or

    C.    three times the amount of actual damages sustained.

65. Plaintiffs request that this Court award them their attorney fees and costs associated with this action pursuant to Colo. Rev. Stat. § 6-1-113(2)(b).

## THIRD CLAIM FOR RELIEF
### (Equal Credit Opportunity Act – 15 U.S.C. § 1691 *et seq.* & 12 C.F.R. 202 *et seq.*)

66. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

67. 15 U.S.C. § 1691(d)(1) and 12 C.F.R. § 202.9 require a creditor to send notice to an applicant if the creditor takes adverse action against an applicant regarding an application for credit.

68. The Defendant violated 15 U.S.C. § 1691(d)(1) and 12 C.F.R. § 202.9 by failing to send Plaintiffs a notice of adverse action taken with regard to the Application.

69. Plaintiffs seek actual damages incurred as a result of Defendant's violation of ECOA.

70. Plaintiffs request punitive damages for Defendant's reckless disregard of the requirements of ECOA pursuant to 15 U.S.C. § 1691e(b).

71. Plaintiffs also requests their reasonable attorney fees and costs incurred in this action.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

**DATED** this 10th day of April, 2015.

        **VEDRA WALI LLC**

        By: /s/ Ahson Wali
           Ahson Wali
           Daniel J. Vedra
           ***Attorneys for Plaintiff***